NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3498
_____

SUNIL KUMAR,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                              Respondent

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. BIA-1:  A200-284-237)
Immigration Judge:  Miriam K. Mills

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 18, 2016

Before: SMITH, HARDIMAN, and NYGAARD, Circuit Judges

(Opinion filed" August 1, 2016 )
_____

OPINION*
_____

NYGAARD, *Circuit Judge.*

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Sunil Kumar petitions for review of the Board of Immigration Appeals' final removal order. Kumar claims the BIA erred by affirming the Immigration Judge's determination that he was ineligible for asylum, withholding of removal and protection under the Convention Against Torture. We will deny the petition.

This opinion does not have any precedential value. Therefore, our discussion of the case is limited to covering only what is necessary to explain our decision to the parties.

Kumar, a native and citizen of India, entered the United States illegally on August 31, 2011. After receiving a Notice to Appear charging him with removal under 8 U.S.C. § 1182(a)(6)(A)(i), Kumar conceded removability and filed an asylum application claiming religious persecution by Sikhs arising from his membership in a group known as the Dera Sacha Sauda (DSS). He also requested withholding of removal and protection under the Convention Against Torture. 8 C.F.R. § 1208.16(c).

Kumar supported his application with affidavits from his mother and brother, with various background documents on conditions in India, and with articles referring to the DSS. After Kumar testified, the Immigration Judge continued the proceedings to enable him to offer further corroborating testimony on the DSS and the attacks. Kumar submitted additional affidavits from his mother, brother, and cousin. He also produced a document he claims is a medical record related to his treatment after an attack, and an unsworn affidavit from his Indian roommate in the United States who also was a member of the DSS. After considering the entire record, the Immigration Judge denied Kumar's applications for asylum, withholding of removal, and protection under the Convention

Against Torture. He appealed to the BIA and it affirmed the Immigration Judge's decision.

In his petition for review, Kumar argues that the BIA denied relief after ignoring two errors by the Immigration Judge, and after repeating a separate error committed by the Immigration Judge. First, he says the Immigration Judge incorrectly found discrepancies between statements he made, both written and oral, and affidavits he submitted. Second, he is convinced that the Immigration Judge overlooked and misinterpreted evidence he submitted about the character of the DSS and its interaction with Sikhs. Third, he contends that his roommate's failure to testify was improperly factored into both the Immigration Judge's decision to deny relief and the BIA's decision to dismiss his appeal.

Kumar's first argument is framed as if the Immigration Judge made adverse credibility determinations about the evidence he offered. However, there is no question that the Immigration Judge found his testimony credible. The key issue for the Immigration Judge and BIA was whether Kumar proffered enough evidence to meet his burden of proof. An applicant's credible testimony can be enough to sustain his or her burden of proving eligibility for asylum. (8 C.F.R. § 1208.13) But, even where there is credible testimony, corroboration is required of an applicant in order to meet the burden of proof if it is reasonable to expect him or her to provide it. *Abdulai v. Ashcroft*, 239 F.3d 542, 554 (3d Cir. 2001). The Agency must conduct a three-part inquiry on corroborating evidence: "(1) an identification of the facts for which it is reasonable to expect corroboration; (2) an inquiry as to whether the applicant has provided information

3

corroborating the relevant facts; and, if he or she has not, (3) an analysis of whether the applicant has adequately explained his or her failure to do so." *Id.* (internal quotation marks removed).

At his first merits hearing, Kumar testified that he received hospital treatment after the attacks, and that his mother took him home from the hospital after the second attack. A.R. 126. He also said that his mother was with him when he attempted to report the incidents to the police. A.R. 141. Yet, in spite of this, the affidavits of his family members did not provide any detail about the attacks, his injuries, or the reasons for them. Additionally, Kumar said that his roommate traveled from India with him, was a member of the DSS, and knew of his membership in the DSS. A.R. 107. When asked why the roommate did not testify, Kumar said that he did not know this was possible. A.R. 109. Finally, the Immigration Judge reviewed the background documents and found that they provided an unclear description of both the DSS and the nature of the DSS's interactions with Sikhs. At the end of the hearing, the Immigration Judge continued the proceedings and made clear that Kumar needed to produce corroborating evidence clarifying the character of the DSS, so that the events grounding his claim of persecution could be distinguished from mere civil unrest. A.R. 150.

At the second merits hearing, the Immigration Judge found that the new evidence Kumar submitted for the final merits hearing was of little value. The updated affidavits by his mother, brother and cousin that Kumar presented still did not provide any details about the attacks, the reasons for them, or Kumar's injuries. Moreover, his roommate submitted only an unsworn, general statement about the DSS and the attacks against

4

Kumar that ultimately shed no more light on the events that ground his claim. And, in spite of stating in this document that he was available to testify, the roommate was not at the hearing. Finally, Kumar submitted a new document construed as a medical record of his treatment following one attack. But, the document was vague, and written entirely in English.

On appeal, the BIA upheld the Immigration Judge's findings and, significantly, it also agreed with the Immigration Judge that Kumar provided, at best, weak explanations for his failure to proffer more substantial corroborating evidence. Kumar said that his family members did not know what to say and he was not responsible for their words. He also had no explanation for his inability to produce live testimony by his roommate. Finally, although stating that the document containing medical information was a record from his treating doctor in India, Kumar could not prove or explain how he obtained it. Because the corroborating evidence proffered was slim, and because Kumar's explanations for this were inadequate, the BIA ruled that Kumar did not meet his evidentiary burden to prove his eligibility for asylum, withholding of removal, or protection under the Convention Against Torture.

Essentially, Kumar contends in his petition for review that his own testimony and his interpretation of supporting documents proves his eligibility for relief. However, particularly given the deferential standard of review that is operative here, this is simply not enough. *Abdille v. Ashcroft*, 242 F.3d 477, 483 (3d Cir. 2001). We cannot find any substantial evidence in the record that would compel us to reach a conclusion that is contrary to that of the BIA. Kumar was required to either provide sufficient evidence to

5

corroborate his assertion that assaults he suffered constitute persecution, or provide an adequate explanation for his failure to do so.  He fell short on both.

As for the propriety of the BIA's consideration of the roommate's failure to testify at the final merits hearing, we note that the focus of the BIA and Immigration Judge was upon the inadequacy of Kumar's explanation.  This was key to ascertaining whether it was reasonable to require such corroboration.  The BIA did not err.

For all of these reasons, we will deny the petition for review.